Ian A. Rambarran, Bar No. 227366
Daniel S. Smith, Bar No. 312330
KLINEDINST PC
801 K Street, Suite 2100
Sacramento, California 95814
(916) 444-7573/FAX (916) 444-7544
irambarran@klinedinstlaw.com
dsmith@klinedinstlaw.com

Attorneys for Defendants BANK OF
NEW YORK MELLON and BAYVIEW
LOAN SERVICING, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTINE B. JUHAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; BANK OF AMERICA, N.A.; THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWALT, INC. ALTERNATIVE LOAN TRUST 2004-J12 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-J12; BAYVIEW LOAN SERVICING, LLC; AMERICAN MORTGAGE NETWORK, INC.; CALM CREEK, INC.; AMERICAN MORTGAGE NETWORK, LLC; and DOES 1 through 5, inclusive,<br><br>　　　　Defendants. | Case No. 3:19-cv-01501-DMS-LL<br><br>**DEFENDANTS BANK OF NEW YORK MELLON AND BAYVIEW LOAN SERVICING, LLC'S RESPONSE TO PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL**<br><br>Judge:　Hon. Dana M. Sabraw<br>Magistrate:　Hon. Linda Lopez<br>Courtroom:　13A |

## I.　INTRODUCTION

　　Defendants Bayview Loan Servicing, LLC and The Bank of New York Mellon FKA The Bank of New York, As Trustee for Certificateholders of the CWALT, Inc. Alternative Loan Trust 2004-J12 Mortgage Pass-Through

Certificates, Series 2004-J12 (collectively, "Defendants") do not oppose Plaintiff's Notice of Voluntary Dismissal.  However, Defendants respectfully request that the Court dismiss Plaintiffs' Complaint with prejudice.

## II.     PROCEDURAL HISTORY

On July 1, 2019, Plaintiff Ernestine B. Juhan filed her Complaint in San Diego Superior Court, Case No. 37-2019-00033847-CU-OR-NC.  (ECF No. 1.)  Plaintiff's Complaint alleged 10 causes of action, including a cause of action for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO").  (*Id.*)

On August 12, 2019, Defendants American Mortgage Network, Inc. and American Mortgage Network, LLC (collectively, "AMN") removed this case to federal court based on Plaintiff's RICO claim.  (*Id.*)  On August 30, 2019, Plaintiff filed a motion to remand this matter back to state court.  (ECF No. 5.)

On September 3, 2019, AMN filed a motion to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Federal Rules of Civil Procedure Rule 12(b)(6).  (ECF No. 6.)  On September 4, 2019, Defendants Bank of America, N.A. ("BOA") and Mortgage Electronic Registrations Systems, Inc. ("MERS") also filed a motion to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6).  (ECF No. 8.)

On October 11, 2019, the Court denied Plaintiff's motion to remand, and retained jurisdiction over all claims.  (ECF No. 16.)  On October 16, 2019, Plaintiff's counsel filed a motion to withdraw.  (ECF No. 15.)  On October 21, 2019, the Court granted Plaintiff's counsel's request to withdraw and continued the hearing on the pending motions to dismiss, originally set for November 1, 2019, to December 6, 2019.  (ECF No. 19.)  The Court ordered the continuance so that Plaintiff could have the opportunity to respond either *pro se* or with new counsel.  (*Id.*)

On November 5, 2019, Defendants filed their own Rule 12(b)(6) motion to dismiss Plaintiff's Complaint.  (ECF No. 20.)  On November 22, 2019, and December 3, 2019, Plaintiff, now proceeding *pro se*, filed oppositions to each

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

motion to dismiss. (ECF Nos. 23, 24, 31.) On November 27, 2019, and December 5, 2019, each defendant filed a reply in support of their respective motions to dismiss. (ECF Nos. 28, 29, 32.)

On December 6, 2019, after full briefing on each defendant's respective motions to dismiss, Plaintiff filed a Notice of Voluntary Dismissal Without Prejudice as to all defendants. (ECF No. 33.) Plaintiff's Notice provided no insight as to why Plaintiff sought dismissal at this particular juncture of the case. This response followed.

## III. LEGAL ARGUMENT

Under Federal Rule of Civil Procedure 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss her action prior to service by the defendant of an answer or a motion for summary judgment. (*Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995).) A plaintiff may dismiss her action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. (See *Lockary v. Kayfetz*, 917 F.2d 1150, 1157 (9th Cir. 1990).) The dismissal is effective on filing and no court order is required. (*Concha, supra,* 62 F.3d at p. 1506.) The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are subject of the notice. (*Id.*) Unless otherwise stated, the dismissal is ordinarily without prejudice to plaintiff's right to commence another action for the same cause against the same defendants. (*Id.* (citing *McKenzie v. Davenport-Harris Funeral Home,* 834 F.2d 930, 934-935 (9th Cir. 1987).)

Federal Rule of Civil Procedure 41 "vests the district court with discretion to dismiss an action at the plaintiff's insistence upon such terms as the court deems proper." (*Hargis v. Foster,* 312 F.3d 404, 412 (9th Cir. 2002).) This "broad grant of discretion" does not prefer one type of dismissal over another. (*Id.*) "In a separate clause, [Federal] Rule 41 provides that orders that fail to specify whether dismissal is with or without prejudice are to be interpreted as dismissals without prejudice."

(*Id.*) "In this limited sense, the rule has a default position, but this default position applies to an interpretation of a silent order, not to the district court's discretionary decision in the first instance." (*Id.* (citing *Semtek Int'l v. Lockheed Martin Corp.*, 531 U.S. 497, 503 (2001) and 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2367 (2d ed. 1994) ("If the plaintiff either moves for dismissal without prejudice or fails to specify whether the request is for dismissal with or without prejudice, the matter is left to the discretion of the court. The court may grant dismissal without prejudice or may require that the dismissal be with prejudice. If the court's order is silent on this point, the dismissal is without prejudice . . . .")

Dismissal with prejudice is appropriate where "it would be inequitable or prejudicial to allow plaintiff to refile the action." (*Burnette v. Godshall*, 828 F.Supp. 1439, 1443 (N.D. Cal. 1993).) "Courts consider three factors in determining whether to dismiss with or without prejudice: (1) the defendant's effort and expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal." (*Senne v. Kan. City Royals Baseball Corp.*, No. 14-cv-00608-JCS, 2016 U.S. Dist. LEXIS 88014, at *61 (N.D. Cal. July 6, 2016) (quoting *Burnette, supra*, 828 F. Supp. at p. 1443).) "Additionally, the district court must weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." (*Id.*) Dismissal with prejudice is appropriate where "it would be inequitable or prejudicial to allow plaintiff to refile the action." (*Burnette, supra*, 828 F.Supp. at p. 1443.)

### A. **Plaintiff's Notice of Dismissal is Devoid of Any Reason for the Dismissal**

Plaintiff's Notice of Dismissal gives no reasoning or explanation as to why Plaintiff chose to dismiss her action at this juncture. Plaintiff's decided to file this

action in the first instance. Plaintiff could have dismissed her case much earlier in time, such as when her counsel withdrew. However, Plaintiff maintained this action through full briefing on three separate dispositive motions, forcing all defendants to expend significant time and resources defending against 10 separate, yet completely baseless, causes of action. Plaintiff's dismissal at this juncture, after full briefing on the various motions to dismiss, indicates that Plaintiff is attempting to avoid a second adverse judgment on the merits relating to the foreclosure of her property. Indeed, it is highly likely that Plaintiff's aim is to refile this action at a later date.

### B. Plaintiff's Notice of Voluntary Dismissal Attempts to Beat Defendants to the Punch

Simply put, the entirety of Plaintiff's Complaint lacks merit and cannot withstand Defendants' Motion to Dismiss. Plaintiff asserted 10 causes of action in her Complaint and each one fails to state a cause of action against Defendants.

For example, Plaintiff's entire Complaint is barred by the application of *res judicata*, as this action seeks to challenge the same foreclosure of her property as in her prior state court lawsuit, *Juhan I*. (See *Lomeli v. JP Morgan Chase Bank, N.A.* (C.D. Cal. Oct. 5, 2015), No. CV-1504022-MWF (PJWx)) 2015 U.S. Dist. LEXIS 189388, at *12-14 ["[D]istrict courts in California have repeatedly recognized that, under California law, plaintiffs seeking to set aside a foreclosure may not re-litigate their claims in subsequent actions, even when the second lawsuit asserts different causes of action or challenges different aspects of the loan or foreclosure process.]; *Prado v. Quality Loan Serv. Corp.*, No. C-13-4536, 2014 U.S. Dist. LEXIS 1129, 2014 WL 46634, at *1 (N.D. Cal. Jan. 6, 2014) [holding that the plaintiff's two cases raised the same claims because she was seeking "a remedy for the same injury in both cases – in essence, a wrongful foreclosure"].) In response to Defendants' Motion to Dismiss, Plaintiff did not address Defendants' *res judicata* argument, thereby conceding the argument on the merits. (See *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006).) This alone is fatal to Plaintiff's *entire*

1 | Complaint.

2 | Moreover, each of Plaintiff's individual claims are predicated on the
3 | purportedly defective assignments of her Deed of Trust.  However, the chain of title
4 | to Plaintiff's property is clean.  Critically, Plaintiff cannot, as a matter of law, be
5 | harmed by an assignment of a Deed of Trust and lacks standing to challenge such
6 | assignments.  (See *Maynard v. Wells Fargo Bank, N.A.,* No. 12cv1435, 2013 U.S.
7 | Dist. LEXIS 130800, at *27 (S.D. Cal. Sept. 11, 2013); see also *Kalnoki v. First Am.*
8 | *Tr. Servicing Tools, LLC*, 8 Cal.App.5th 23.)  Thus, each of Plaintiff's individual
9 | causes of action fail on their own accord because each is premised on the
10 | purportedly defective assignments of Plaintiff's Deed of Trust.

11 | Undoubtedly, Plaintiff's Notice of Voluntary Dismissal is an attempt to beat
12 | Defendants to the punch, *i.e.*, to avoid having her case dismissed due to Defendants'
13 | Motion to Dismiss.  Were this Court to dismiss Plaintiff's Complaint without
14 | prejudice, it would not change the fact that all of Plaintiff's claims are vulnerable to
15 | Federal Rule 12(b)(6) motions and could not proceed beyond the pleading stage.
16 | Thus, a dismissal with prejudice will conserve judicial resources by preventing
17 | Plaintiff from bringing claims that are legally, and factually, unsustainable.
18 | Moreover, a dismissal with prejudice will certainly save Defendants the unnecessary
19 | burden and expense of having to defend, for what will be a *third* time, against the
20 | same claims that Plaintiff litigated to final judgment in *Juhan I*.
21 | / / /
22 | / / /
23 | / / /
24 | / / /
25 | / / /
26 | / / /
27 | / / /
28 | / / /

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Plaintiff's Voluntary Dismissal, but that it dismiss the entire action *with prejudice*.

Respectfully submitted,

KLINEDINST PC

DATED:  December 9, 2019      By:      /s/ Daniel S. Smith
                                       Ian A. Rambarran
                                       Daniel S. Smith
                                       Attorneys for Defendants BANK OF NEW YORK MELLON and BAYVIEW LOAN SERVICING, LLC

# CERTIFICATE OF SERVICE

**Juhan v. Mortgage Registration Systems, Inc., et al.**
**Case No. 3:19-cv-01501-DMS-LL**

**STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 501 West Broadway, Suite 600, San Diego, California 92101.

On December 9, 2019, I served true copies of the following document(s) described as **DEFENDANTS BANK OF NEW YORK MELLON AND BAYVIEW LOAN SERVICING, LLC'S RESPONSE TO PLAINTIFF'S NOTICE OF VOLUNTARY DISMISSAL** on the interested parties in this action as follows:

| | |
|---|---|
| Ernestine B. Juhan<br>581 Rush Drive<br>San Marcos, California 92078 | Plaintiff<br>**VIA MAIL ONLY** |
| Mark G. Rackers, Esq.<br>Sheppard Mullin Richter & Hampton, LLP<br>501 West Broadway, 19th Floor<br>San Diego, CA 92101 | Tel: (619) 338-6500<br>Email: mrackers@sheppardmullin.com<br>Counsel for American Mortgage Network, Inc. and American Mortgage Network, LLC |
| Alison V. Lippa, Esq.<br>McGuireWoods LLP<br>Two Embarcadero Center, Suite 1300<br>San Francisco, CA 94111 | Tel: (415) 844-9944<br>Fax: (415) 844-9922<br>Email: alippa@mcguirewoods.com<br>Counsel for Bank of America, N.A. and Mortgage Electronic Registration Systems, Inc. |
| Adam F. Summerfield, Esq.<br>McGuireWoods LLP<br>355 S. Grand Ave., Suite 4200<br>Los Angeles, CA 90071 | Tel: (213) 627-2268<br>Fax: (213) 627-2579<br>Email: asummerfield@mcquirewoods.com<br>Counsel for Bank of America, N.A. and Mortgage Electronic Registration Systems, Inc. |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Klinedinst PC for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at San Diego, California.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 9, 2019, at San Diego, California.

_____
Tinamarie A Herrera